IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Danielle Quat, | ) | C.A. No.:  9:25-cv-13801-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| BlueCross BlueShield of Alabama, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Hilton Head, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Beaufort County, South Carolina.

III.

This matter is governed by the law of the State of South Carolina and not by E.R.I.S.A. 29 U.S.C.S. §1001 *et seq*. This court has subject matter and personal jurisdiction to hear this matter.

IV.

Plaintiff is provided dependent health insurance coverage via her employment with National Childrens Advocacy Center. The health insurance plan under which Plaintiff's dependent is covered is fully insured by Defendant. Plaintiff's employer is a governmental entity and, therefore, is exempt from ERISA.

V.

Plaintiff's dependent underwent certain residential/inpatient substance use disorder treatment in beginning on May 26, 2025, and the resulting claims were submitted to Defendant for processing and payment (the confidential specifics of the claims will be provided to defense counsel upon appearance and request).

VI.

Defendant denied Plaintiff's claims asserting that the services were not covered under the terms of the insurance plan.  Plaintiff submitted evidence to Defendant that the charges should be payable pursuant to the terms of the health insurance plan.  Defendant has failed and refused to provide Plaintiff the benefits she seeks.

**FOR A FIRST CAUSE OF ACTION**

**(Breach of Contract)**

VII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

VIII.

Defendant and Plaintiff entered into an agreement whereby claims would be paid pursuant to the terms of the health insurance plan if Plaintiff's dependent underwent inpatient/residential substance use disorder treatment.

IX.

Plaintiff's dependent underwent inpatient/residential substance use disorder treatment and filed a claim for health insurance benefits with the Defendant, but Defendant has failed and refused to provide the benefits of the plan.  Defendant's failure to pay health insurance benefits

is a breach of the health insurance contract. As a direct and proximate result of the Defendant's breach, Plaintiff has been deprived the benefits due under the terms of the plan. Accordingly, Plaintiff respectfully requests an award of such actual damages as the trier of fact deems proper and attorney's fees and costs pursuant to Title 38 of the South Carolina Code of Laws because the Defendant's denial was, at least, unreasonable.

<strong><u>FOR A SECOND CAUSE OF ACTION</u></strong>

<strong><u>(Bad Faith)</u></strong>

X.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XI.

Defendant's assertion that Plaintiff's dependent is not entitled to the health insurance benefits is completely without basis and totally unsubstantiated by any evidence or facts.

XII.

Defendant's assertion is made in bad faith and is a calculated effort by Defendant to attempt to avoid providing Plaintiff benefits, and the denial was made in bad faith by Defendant having only its own financial interests in mind and completely ignoring its obligation of good faith owed to Plaintiff.

XIII.

As a direct and proximate result of the bad faith denial of Plaintiff's claim, Plaintiff has been deprived the income and benefits owed under the plan, and the denial of income and benefits has caused Plaintiff to undergo substantial financial and mental hardships. Plaintiff has been forced to incur expenses to an attorney and has been forced to spend time and effort in

dealing with this matter with Defendant in addition to the hardships caused by the deprivation of financial income and benefits. Accordingly, Plaintiff is entitled to actual and punitive damages as she should prove to a jury and for such other and further relief as this court deems just and proper.

**FOR A THIRD CAUSE OF ACTION**

**(Violation of The Mental Health Parity and Addiction Equity Act (MHPAEA) 29 U.S.C. § 1185(a))**

XIV.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XV.

MHPAEA is incorporated into group health insurance benefit plans and is enforceable by beneficiaries of the plans.

XVI.

MHPAEA requires that group health insurance benefit plans provide no less generous coverage for treatment of mental health and substance use disorders that they provide for treatment of medical/surgical disorders.

XVII.

Specifically, MHPAEA prohibits health insurance plans from imposing treatment limitations on mental health or substance use disorder benefits that are more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits and also makes separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits unlawful. (29 U.S.C. § 1185a(a)(3)(A)(ii).

XVIII.

Impermissible non-quantitative treatment limitations under MHPAEA include, but are not limited to, restrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope or duration of benefits for mental health or substance use disorder treatment. (29 C.F.R. § 2590.712(c)(4)(ii)(H)).

XIX.

Comparable benefits offered by the Defendant plan analogous to the benefits of the plan excluded for Plaintiff's dependent's treatment include inpatient treatment settings such as inpatient hospital stays for both medical conditions and mental health conditions. The plan does not include blanket exclusions for medically necessary care for these conditions based on facility type, provider specialty, or other criteria in the manner that it excluded coverage of treatment for Plaintiff's dependent.

XX.

In addition, the Defendant violates 29 C.F.R. § 2590.712(c)(4)(i) because the terms of the plan and the criteria utilized by the plan use processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, then the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification.

XXI.

The actions of Defendant as outlined above have caused damage to the Plaintiff in the form of denial of payment of medically necessary care rendered to her dependent.

XXII.

As a result, Defendant is responsible for paying Plaintiff's dependent's inpatient residential treatment, as required by MHPAEA along with pre-judgment interest and attorney's fees.

**WHEREFORE**, having fully stated her complaint against the Defendant, the Plaintiff prays for (a) benefits due under the health insurance plan; (b) actual, compensatory and punitive damages; (c) attorney's fees and costs pursuant to state law; and (d) such other and further relief as this court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri<br>
M. Leila Louzri, Esq.<br>
Federal Bar #: 12007<br>
**FOSTER LAW FIRM, LLC**<br>
25 Mills Avenue<br>
Greenville, South Carolina 29605<br>
(864) 242-6200<br>
(864) 233-0290 (facsimile)<br>
E-mail: mllouzri@fosterfoster.com

Date: December 10, 2025                               Attorneys for Plaintiff